IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANZ BOENING | * | |
| Appellant | * | |
| v. | * | Civil No. – JFM-14-668 |
| GARY A. ROSEN, TRUSTEE | * | |
| Appellee | | |

******

**MEMORANDUM**

This is an appeal from an order entered by the Bankruptcy Court denying a motion to compel the Trustee (the Appellee) to abandon avoidance of a judgment lien in favor of the Appellant against the bankrupt debtors' real property. The order of the Bankruptcy Court will be affirmed.[1]

Appellant holds a judgment lien on real property owned by the Debtors. This lien stands behind two other liens. The legitimacy and amount of the first lien is uncontested. The second lien was in the face amount of $174,000 and was held by Carrie and Terry Jennings, the daughter and son-in-law of the Debtors. Upon a complaint filed by the appellee, which was not opposed by the Jennings, the second lien was avoided as fraudulent on the ground the Jennings had not, in fact, loaned any money or provided any other thing of value to the Debtors. Appellant here contends that the second lien had a value of $0, and that as a secured creditor he should be paid from the proceeds of the sale of the secured property remaining after the first lien has been paid off.

---

[1] Unfortunately, the papers on this appeal "slipped through the cracks." I apologize to the parties for not resolving the issue presented earlier. This memorandum opinion is shorter than it might otherwise have been because I recognize the importance to the parties of its resolution.

1

Appellant acknowledges, as he must, that 11 U.S.C. §551 provides that "[a]ny transfer avoided under §522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien avoided under §506(d) of this title, is reserved for the benefit of the estate but only with respect to the property of the estate." He contends, however, that because the lien had not been supported by the transfer to Debtors of anything of value by the Jennings, it was, in effect, a nullity that had no value other than its face value of $174,000. Therefore, according to Appellant, its "reservation" to Appellee under section 551 did not entitle Appellee to abandon Appellant's judgment lien, forcing Appellant to be treated as an unsecured, rather than as a secured, creditor in the bankruptcy proceedings.

Appellant's argument is not without some merit. As a matter of public policy, it appears strange that a court should recognize a fraudulent lien for which the Debtors received no benefit in determining the collectability of a lien junior to it. On the other hand, there is no obvious benefit conferred upon the Debtors or the Jennings from the court's recognition of the fraudulent lien. The contest here, in effect, is between the appellant — who was a judgment lienholder — and unsecured creditors of the bankrupt estate, and no public policy interest is invoked by that contest.[2] Moreover, although a bankruptcy trustee has a fiduciary duty to assure that the assets of a bankruptcy estate are properly distributed to the bankrupt's creditors, the apparent purpose of section 551 is to provide a trustee with a practical incentive to have fraudulent transfers set aside for the benefit of all creditors of the bankruptcy estate. Section 551, by cross-referencing section 548, clearly contemplates that it applies to fraudulent transfers. To the extent that this creates an element of unfairness for a junior lien holder, the remedy lies with Congress, not the

---

[2] I do not accept the characterization that ruling in favor of the appellant would provide a "windfall." It might be equally said that my ruling against the appellant confers a "windfall" upon the unsecured creditors.

courts. *See The Retail Clerks Welfare Trust v. McCarty (In re Van de Kamp's Dutch Bakeries)*, 908 F.2d 517, 520 (9th Cir. 1990).

      A separate order affirming the Bankruptcy Court's order is being entered herewith.


Date:   03/20/2015                     _____/s/_____
                                          J. Frederick Motz
                                          United States District Judge